UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**LOLITA WHITE**

        **Plaintiff,**

vs.                                    Case No. 07-cv-10394
                                          Honorable Bernard A. Friedman
                                          Magistrate Judge Virginia M. Morgan

**COMMISSIONER OF**
**SOCIAL SECURITY,**

        **Defendant.**

_____/


**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO AND
ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**


**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge Virginia M. Morgan's September 10, 2007 Report and Recommendation ("R & R"). Magistrate Judge Morgan recommended that the Court grant Defendant's Motion for Summary Judgment, that the Court deny Plaintiff's Motion for Summary Judgment, and that the Court dismiss with prejudice Plaintiff's Complaint. Plaintiff filed a timely objection to the R & R. Defendant did not file a response to Plaintiff's objection. The Court has reviewed this matter de novo as required under Fed. R. Civ. P. 72(b) and will accept and adopt the Magistrate Judge's R & R.

As a result of its de novo review, the Court finds that the Magistrate Judge's recitation of the facts in this matter is accurate. Accordingly, the Court will adopt the Magistrate Judge's factual

record, contained in the R & R at pages 1 through 3.

**II.     ANALYSIS**

Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 405(g), seeks judicial review of a final decision of the Defendant, Commissioner of Social Security, which denied her application for Supplemental Security Income (SSI). Plaintiff's application for SSI alleged that she was disabled due to a learning disability and mental impairment. Plaintiff's Complaint asserts that she can no longer engage in any substantial gainful activity and that the Defendant's finding that she is not disabled was not based on substantial evidence.

Plaintiff's claims came before Magistrate Judge Morgan on the parties' cross-motions for summary judgment. Following the Magistrate Judge's R & R denying Plaintiff's motion, Plaintiff filed an objection. While restating many of her earlier contentions as to errors of the Administrative Law Judge ("ALJ"), it appears that Plaintiff's primary objection is her belief that the Magistrate Judge is of the opinion that the record must contain the diagnosis of "mental retardation." Plaintiff submits that no such requirement exists.

Plaintiff's argument before Magistrate Judge Morgan was that the ALJ erred by finding that her impairments did not meet or equal any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations. A claimant must satisfy all of the criteria of a Listing to be found to have met or equaled a Listing, and to thus be disabled. Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1083 (6th Cir. 1987). The Magistrate Judge properly held that in order to satisfy the criteria of Listing 12.05, mental retardation, it is not enough for Plaintiff to only partially satisfy the Listing, or specifically, to only satisfy paragraph C of the Listing. She must also satisfy the diagnostic description of mental retardation as it is given in the introductory paragraph to Listing 12.05. As noted in the R & R, that description states that "Mental retardation refers to significantly

subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05.

As explained in both the R & R and Defendant's brief, the requirement that Plaintiff meet both the diagnostic description and one of the four sets of criteria listed in Paragraphs A, B, C and D of that Listing is aptly supported through standing case law.  Furthermore, the R & R properly explained that receiving multiple diagnoses of borderline intellectual functioning, as Plaintiff did here, provides substantial evidence that she does not meet the diagnostic description for mental retardation.  See Foster v. Halter, 279 F.3d 348, 354-355 (6th Cir. 2001); Cooper v. Commissioner of Social Security, 217 Fed. Appx. 450, 452 (6th Cir. 2007) (unpublished); Riley v. Apfel, No. 97-1799, 1998 WL 553151, at *5 (6th Cir. August 20, 1998) (unpublished).

The Magistrate Judge accurately found that there was substantial evidence supporting the conclusion of the ALJ in this case.  In this case, judicial review under 42 U.S.C. § 405(g) was properly limited to a determination of whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the proper legal standards.  The Court finds that both questions can be answered in the affirmative.

### III. ORDER

Accordingly,

IT IS ORDERED that Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are overruled.

IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation is accepted and adopted.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed with prejudice.


Dated: November 29, 2007  ___s/Bernard A. Friedman_____
Detroit, Michigan  BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman